**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVI SALHOTRA; SANDHYA
SALHOTRA; MELISSA CARD; FEI
ALLEN; SABRINA TUMELSON,

       Plaintiffs,

  v.

SIMPSON MANUFACTURING
COMPANY, INC., a Delaware Corporation;
SIMPSON STRONG-TIE COMPANY,
INC., a California Corporation,

       Defendants - Appellees,

----------------------------------------

KASDAN TURNER THOMSON BOOTH
LLP, fka Kasdan LippSmith Weber Turner,
LLP,

       Interested Party - Appellant.

No. 24-7349

D.C. No.
3:19-cv-07901-TLT

MEMORANDUM[*]

RAVI SALHOTRA; SANDHYA
SALHOTRA; MELISSA CARD; FEI
ALLEN; SABRINA TUMELSON,

       Plaintiffs,

No. 24-7350

D.C. No.
3:19-cv-07901-TLT

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

SIMPSON MANUFACTURING
COMPANY, INC., a Delaware Corporation;
SIMPSON STRONG-TIE COMPANY,
INC., a California Corporation,

Defendants - Appellees,

---------------------------------------

GRAHAM B. LIPPSMITH; Ms. CELENE
CHAN ANDREWS,

Interested Parties - Appellants.

RAVI SALHOTRA; SANDHYA
SALHOTRA; MELISSA CARD; FEI
ALLEN; SABRINA TUMELSON,

Plaintiffs - Appellants,

v.

SIMPSON MANUFACTURING
COMPANY, INC., a Delaware Corporation;
SIMPSON STRONG-TIE COMPANY,
INC., a California Corporation,

Defendants - Appellees,

No. 24-7354

D.C. No.
3:19-cv-07901-TLT

RAVI SALHOTRA; SANDHYA
SALHOTRA; MELISSA CARD; FEI
ALLEN; SABRINA TUMELSON,

Plaintiffs,

No. 24-7355

D.C. No.
3:19-cv-07901-TLT

2

v.

SIMPSON MANUFACTURING
COMPANY, INC., a Delaware Corporation;
SIMPSON STRONG-TIE COMPANY,
INC., a California Corporation,

Defendants - Appellees,

---------------------------------------

ROBINS KAPLAN, LLP,

Interested Party - Appellant.

---

RAVI SALHOTRA; SANDHYA
SALHOTRA; MELISSA CARD; FEI
ALLEN; SABRINA TUMELSON,

Plaintiffs,

v.

SIMPSON MANUFACTURING
COMPANY, INC., a Delaware Corporation;
SIMPSON STRONG-TIE COMPANY,
INC., a California Corporation,

Defendants - Appellees,

---------------------------------------

MICHAEL RAM, Attorney; JEFFREY
CEREGHINO; CEREGHINO LAW
GROUP,

Interested Parties - Appellants.

No. 24-7358

D.C. No.
3:19-cv-07901-TLT

3                                                    24-7349

RAVI SALHOTRA; SANDHYA SALHOTRA; MELISSA CARD; FEI ALLEN; SABRINA TUMELSON,

Plaintiffs,

v.

SIMPSON MANUFACTURING COMPANY, INC., a Delaware Corporation; SIMPSON STRONG-TIE COMPANY, INC., a California Corporation,

Defendants - Appellees,

----------------------------------------

KEVIN EPPS; EPPS, HOLLOWAY, DELOACH AND HOIPKEMIER, LLC,

Interested Parties - Appellants.

No. 24-7361

D.C. No.
3:19-cv-07901-TLT

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted February 10, 2026
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.
Partial Dissent by Judge SANCHEZ.

Plaintiffs and interested parties in this consolidated action appeal the district court's orders granting Defendants' motion for judgment on the pleadings and motion for Rule 11 sanctions. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand the district court's order on the motion for judgment on the

pleadings with instructions that the action be dismissed for lack of subject matter jurisdiction.  We affirm the Rule 11 sanctions order.

1.  Plaintiffs Ravi Salhotra, Sandhya Salhotra, Melissa Card, Fei Allen, and Sabrina Tumelson have failed to allege sufficient facts to establish Article III standing to proceed with their claims.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (requiring plaintiffs to establish that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").  Plaintiffs' allegations that the products in their homes have prematurely failed are conclusory, and they cannot proceed on their request for damages based on a "mere risk of future harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021).  In addition, Plaintiffs have failed to allege that Defendants' conduct resulted in a benefit-of-the-bargain or overpayment injury.  *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705–08 (9th Cir. 2020).  Nor have they alleged "certainly impending" harm to establish standing for injunctive relief.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013).

Because Plaintiffs have not established Article III standing, the district court lacked jurisdiction to hear the merits of the motion for judgment on the pleadings. We thus vacate the district court's order on the motion for judgment on the pleadings and remand to the district court with instructions that the action be

dismissed for lack of subject matter jurisdiction.[1]  *See Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1147 (9th Cir. 2013).

2.  We have jurisdiction to review the Rule 11 sanctions order, which was appealed after the entry of final judgment.  *See* 28 U.S.C. § 1291.[2]  We review Rule 11 determinations for abuse of discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990).  Where the "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  We "consider whether the [complaint], taken as a whole, is subject to sanction."  *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025).

The district court did not abuse its discretion in concluding that the first amended complaint (FAC) was legally and factually baseless and that counsel failed to conduct a reasonable and competent inquiry before filing it.  The FAC included several legally baseless claims, which would have been identified through

---

[1] Accordingly, we do not address the merits of Plaintiffs' breach of warranty and California Unfair Competition Law claims or their request for leave to amend.
[2] We do not address the parties' arguments about whether *Cunningham v. Hamilton County*, 527 U.S. 198 (1999) applies in the Rule 11 context.

"[e]ven the most cursory legal inquiry." *Holgate*, 425 F.3d at 677. These legal

errors alone were sufficient to justify Rule 11 sanctions. *See Townsend v. Holman

Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990). In addition, the FAC

failed to allege basic facts about Plaintiffs' claims that would have been discovered

through a reasonable and competent inquiry, including what specific products were

installed in their homes, when they were installed, and whether they were installed

in accordance with Defendants' recommendations. Plaintiffs' repeated failure to

respond to pleading issues identified by Defendants and their conduct in

responding to the sanctions motion further supported Rule 11 sanctions. *See* Fed.

R. Civ. P. 11 advisory committee's note to 1993 amendment, subdivisions (b) and

(c) ("The rule . . . subject[s] litigants to potential sanctions for insisting upon a

position after it is no longer tenable . . . .").[3]

Nor did the district court abuse its discretion in awarding sanctions without

reviewing defense counsel's billing records. Plaintiffs provide no authority

requiring district courts to consider billing records when awarding Rule 11

---

[3] The partial dissent substitutes its own view regarding attorney's fees for that of the district court. Although we may disagree with the district court's conclusion, that is not the standard of review on appeal. Under an abuse of discretion review, we consider whether the district court's application of the legal standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (citation modified). Considering the totality of the legal and factual deficiencies in the FAC, we cannot conclude that the district court abused its discretion as to attorney's fees.

sanctions. Defense counsel provided declaration evidence of their rates and the hours expended on the motion to dismiss the FAC and the motion for sanctions, and the district court determined that half of the requested fees were an appropriate sanction. The district court did not abuse its discretion in concluding that such an award "suffice[d] to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4); *cf. Matter of Yagman*, 796 F.2d 1165, 1184–85 (9th Cir. 1986), *amended by*, *In re Yagman*, 803 F.2d 1085 (9th Cir. 1986) (reversing and remanding where the court imposed a lump-sum award without itemizing and quantifying the sanctions in any manner). We therefore affirm the district court's Rule 11 sanctions order.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED in part; AFFIRMED in part.**

FILED

MAR 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANCHEZ, Circuit Judge, dissenting in part:

I agree with the majority that this action should be dismissed because Plaintiffs failed to establish Article III standing. But I would reverse the district court's Rule 11 sanctions order for abuse of discretion.

To impose sanctions under Rule 11, the district court must consider a complaint "as a whole," *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025), to determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it," *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quotation marks omitted). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating En'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). We have reversed sanctions where the attorney's argument was potentially meritorious or "not completely without factual foundation." *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1335 (9th Cir. 1997). The district court abused its discretion in finding the first amended complaint ("FAC") legally or factually baseless.

In the FAC, Plaintiffs raised non-frivolous claims that Simpson failed to adequately disclose that its galvanized hurricane straps may prematurely corrode and fail even when properly installed. The district court did not clearly identify which allegations in the FAC it deemed factually baseless. It faulted the FAC for

"fail[ing] to allege . . . which of Simpson's Product models were installed on Plaintiffs' homes, in what application or where on Plaintiffs' structures the Product was installed, when it was installed, and if the Product was installed in accordance with Simpson's recommendations." Although the conclusory nature of allegations may be ground for dismissal, it does not render the whole FAC factually baseless, given that the FAC contained colorable allegations that Plaintiffs' homes "suffered extensive damage" due to the "premature corrosion" of Simpson's Products.

The district court also held the FAC to be "factually misleading" because it "cherry picked and incorporated . . . isolated portions of Simpson's Application Guide and Website, while simply ignoring other language which . . . contradicted core allegations" about Simpson's failure to adequately disclose corrosion risks. But the FAC is not inconsistent with Simpson's Application Guide. Plaintiffs alleged that Simpson's "'Corrosion Warnings[]' . . . do not adequately disclose that Simpson is selling the Product into areas where it will foreseeably corrode long before its usual life, under reasonably foreseeable conditions, even if the installer reasonably follows the installation instructions." The Corrosion Warnings explain that metal connectors will corrode "when installed in corrosive environments or exposed to corrosive materials," and many variables could lead to corrosion "especially in outdoor applications." The FAC, however, focused on Simpson's Products "install[ed] in the foundations, framing, and doors of

2                                                              24-7349

homes"—not in corrosive environments or outdoor applications—and "even when the installer follows the instructions."  It is not legally or factually baseless to argue that the Corrosion Warnings did not adequately disclose the risk of premature corrosion and failure for *interior* installations.  In fact, Plaintiffs' third amended complaint, which was not subject to any sanctions motion or order, contains virtually indistinguishable allegations that "Simpson's 'Corrosion Warnings' do not adequately disclose [the risks of premature failure] in reasonably foreseeable conditions, and when construction professionals follow Simpson's warnings, specifications, and instructions."  The adequacy of Simpson's disclosure of corrosion risks is a matter of proof, not a ground for sanctions.  The district court's reliance on the Corrosion Warnings as a basis for Rule 11 sanctions was an abuse of discretion.[1]

Therefore, I would reverse the district court's sanctions order.

---

[1] Although the district court also noted a few legal errors in the FAC, "imprecision at the outset of litigation should be tolerated" in complex cases where "a prudent lawyer, to be safe, would name a number of defendants" or "assert more than one legal theory as the basis for relief and would make alternative or inconsistent allegations" in support. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990).  It is not clear why asserting claims that would not survive a motion to dismiss necessarily amounts to sanctionable conduct, especially when Plaintiffs were granted leave to amend.